911 F.2d 720
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James BECKELHEIMER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-1705.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1990.
Decided July 18, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-1386-BLA)
 Paul J. Hess, Jr., Stewart Jaffy & Associates Co., LPA, Columbus, Ohio, for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Roscoe C. Bryant, III, Attorney, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 PETITION DENIED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Beckelheimer petitions for review of the decision of the Benefits Review Board denying his claim for black lung benefits. He asserts two assignments of error:
 
 
 2
 1. The Administrative Law Judge erred prejudicially as a matter of law by failing to admit into evidence the report and studies of Elmer D. Engelman, M.D.
 
 
 3
 2. The Administrative Law Judge erred prejudicially as a matter of law by applying criteria more restrictive than interim HEW criteria to deny benefits to the Petitioner.
 
 
 4
 We deny the petition.
 
 
 5
 The Benefits Review Board refused to consider the report of Dr. Engelman because it had never been introduced into evidence before the ALJ. The ALJ did not admit it because he was never requested to admit it. Beckelheimer claims that the report was made at the behest of the Director and therefore the Director should have introduced it. The difficulty with this argument is that the record contains no indication whatsoever that the Director requested Dr. Engelman to examine Beckelheimer. Dr. Engelman's report (A16-17), dated January 15, 1976, is addressed to Beckelheimer's attorney. It does not indicate that it was ever sent to the Director. In fact, it concludes with the statement, "I thank you for the privilege of examining Mr. Beckelheimer." Beckelheimer contends that at the very least we should remand the case for the ALJ to determine who ordered the report. Under other circumstances this might be proper. However, in the absence of any evidence that the Director arranged for the examination and in light of affirmative evidence that Beckelheimer's attorney requested the examination, a remand is unnecessary. Moreover, the report states: "From those studies, it does not appear that Mr. Beckelheimer is sufficiently disabled from respiratory disease to be unable to participate in the occupation of coal mining or a substantial similar occupation at this time." This conclusion of Dr. Engelman is consistent with other medical reports in the record.
 
 
 6
 Beckelheimer bases his second contention upon the fact that his claim was filed on January 24, 1974, and therefore cannot be adjudicated under criteria more restrictive than the Health, Education and Welfare criteria applicable to claims filed on or before June 30, 1973. Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988). A review of the record discloses that the adjudication of Beckelheimer's claim does not suffer from the error that he alleges. The ALJ considered the claim in light of 20 C.F.R. part 410 which contains the HEW criteria and applies to Beckelheimer's claim under the Black Lung Reform Act of 1977. See Sebben, 109 S.Ct. at 418. Although the ALJ credited Beckelheimer's testimony concerning his shortness of breath and inability to work, there was insufficient medical evidence to support his claim or trigger the interim presumption found in 20 C.F.R. Sec. 410.490. Section 410.475 provides in part: "An individual shall not be determined to be totally disabled unless he furnishes such medical and other evidence thereof as is reasonably required to establish his claim." The ALJ did not err, therefore, in holding that claimant's "testimony alone cannot establish entitlement to benefits in a case such as this, particularly where the medical evidence is not supportive or contradicts such testimony."
 
 
 7
 Finding no merit in the petitioner's assignments of error, we deny the petition for reasons adequately stated in the Benefits Review Board's decision of August 24, 1989, and the ALJ decisions to which it refers. See Beckelheimer v. Director, OWCP, BRB No. 88-1386-BLA (Aug. 24, 1989).